UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:04 CV 308 |
| | ) | (No. 2:00 CR 197) |
| TAURUS ZAMBRELLA | ) | |
| Defendant | | |

## OPINION and ORDER

On July 12, 2005, the court issued an opinion and order explaining the reasons that Taurus Zambrella's motion pursuant to 28 U.S.C. § 2255 appeared meritless and subject to summary denial. However, because Zambrella had requested leave to supplement his motion with additional support for his ineffective assistance of counsel claim, and to make an argument based on alleged newly-discovered evidence of his actual innocence, the court stayed entry of judgment for thirty days to allow him to do so.

On August 2, 2005, Zambrella requested additional time to file his supplemental memorandum, explaining that the court's order had been delayed in reaching him. On August 15, 2005, attempting to comply with the court's deadlines, he filed a memorandum giving only cursory treatment to his issues. Therefore, on August 23, 2005, the court granted Zambrella until September 20, 2005, to mail an additional memorandum. The court received that

memorandum on September 22, 2005. The court has carefully considered both of Zambrella's additional findings, and briefly explains why nothing therein changes the conclusion stated in the court's July 12, 2005, opinion.

A reading of the July 12, 2005, opinion is a necessary preface to the discussion that follows, but the court will provide a brief, simplified summary of a portion of the opinion for context. In his motion, Zambrella contends that the court erred in sentencing him as an armed career criminal under 18 U.S.C. § 924(e) ("ACCA"), by relying on facts in the presentence investigation report ("PSR"), to determine that a Mississippi burglary conviction was a "generic" burglary as meant by *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990) and *Shepard v. United States*, – U.S. –, 125 S. Ct. 1254, 161 L.Ed. 2d 205 (2005). Analyzing that claim, this court reasoned that, first, the claim was defaulted because not raised on direct appeal, and because essentially a *Booker* claim, it could not be raised retroactively in a § 2255 motion. Second, as grounds for ineffective assistance of counsel, the claim would fail because the facts in the PSR were based on a copy of the Mississippi indictment obtained by the probation office showing that Zambrella burglarized a pawn shop by cutting a hole in its roof.

Zambrella's August 15, 2005, and September 22, 2005, supplemental memoranda hammer home two main points. First, Zambrella argues that he is actually innocent (both legally and factually) of being an armed career criminal because at his sentencing, the Mississippi indictment was not put into evidence. In addition, he pleaded guilty in Mississippi to a charge of burglary, not to the indictment, and an "indictment can say many thing's in the underlying (Which) mostly come's from police reports." August 15, 2005 supplemental memorandum at 2 [sic]. He reiterates that his attorney was ineffective at sentencing, and on direct appeal, for not making this argument.

What Mr. Zambrella fails to appreciate is that, whether or not it is true that indictments can say anything, he pleaded guilty to one stating that he had burglarized a pawn shop, and *Shepard* specifically allows a court to rely on the facts alleged in an indictment to make a finding as to generic burglary. Zambrella's attorney was not ineffective for failing to pursue this issue at sentencing because, at the time (and which still may be true now) the law in this circuit allowed the court to rely on the uncontested facts in the PSR, which, in this case, summarized the facts from the Mississippi indictment. *United States v. Sebero,* 45 F.3d 1075, 1078 (7th Cir. 1995). A copy of the indictment was in the probation office file, and it can be presumed that counsel made a valid strategic

3

choice not to lodge a meritless objection. Moreover, even if Zambrella's attorney had made an objection, a certified copy of the indictment would have been placed in evidence. Thus, Zambrella cannot establish prejudice now. For all of these reasons, Zambrella's claims of actual innocence and ineffective assistance of counsel with respect to the ACCA and his Mississippi burglary conviction are meritless.

Zambrella's second argument is that he is actually innocent of his felon-in-possession conviction under 18 U.S.C. § 922(g), because pursuant to Indiana law, felons are only prohibited from possessing handguns, not longarms such as the firearm that he was convicted of possessing. *See* Ind. Code § 35-47-2-7(b). To the court, it appears that this section imposes criminal liability on the person who transfers the firearm to a felon, not on the felon who possesses the firearm, but this is beside the point: the point being that 18 U.S.C. § 922(g) is a federal criminal statute, not a state criminal law. The definition of firearm for the purposes of § 922(g) is found in 18 U.S.C. § 921(a)(3), and includes any weapon that expels a projectile by means of an explosive. *See United States v. Lee*, 72 F.3d 55, 57 (7th Cir. 1995) (calling § 922(g) an "all or nothing" proposition: a person subject thereto cannot carry any type of firearm). Zambrella's argument that he is actually

4

innocent of violating 18 U.S.C. § 922(g) because of the existence of Ind. Code § 35-47-2-7(b) is meritless.

For the reasons explained above and in the court's opinion entered on July 12, 2005, the court finds that the record in this case demonstrates that Zambrella's contentions are meritless. Accordingly, his motion for relief under § 2255 in case 2:00 CR 197 is **DENIED**, and the clerk is directed to **ENTER a FINAL JUDGMENT** dismissing the associated civil case, 2:04 CV 308. As explained in the July 12, 2005, memorandum, this dismissal is without prejudice to Zambrella's right to seek permission to file a second or successive § 2255 motion in the event that the Supreme Court in the future declares any of the cases on which Zambrella relied, which the court found not to have retroactive application, retroactively available in a collateral attack under § 2255. This is a final and appealable order and judgment, and the clerk shall give immediate notice to Zambrella.

**SO ORDERED.**

ENTER: November 8, 2005

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT